| Case No. | **CV 17-2484 DMG (MRWx)** | Date | May 1, 2017 |
|---|---|---|---|

| Title | *Wells Fargo Bank, N.A. v. David Martin Jr.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO STATE COURT**

    Plaintiff Wells Fargo Bank, N.A. filed a complaint against Defendant David Martin Jr. in County of Los Angeles Superior Court alleging state law causes of action and seeking less than $10,000 in damages. *See* Amended Removal Notice, Ex. A [Doc. # 4-1 at 10]. Martin subsequently filed a cross-complaint against Wells Fargo alleging claims based on negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ("Counterclaim") [Doc. # 4-1 at 30.]

    On March 30, 2017, Plaintiff Wells Fargo removed this action to this Court based on Defendant Martin's Counterclaim against it, which alleges violations of a federal statute. Amended Removal Notice ¶ 5 (asserting the Court has original jurisdiction under 28 U.S.C. § 1331 based on Martin's FCRA claim).

    "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)."). A "defendant or the defendants" may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441.

    Recognizing the Supreme Court's ruling in *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100 (1941), the Ninth Circuit has held that "a plaintiff/cross-defendant cannot remove an action to federal court." *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017–18 (9th Cir. 2007). The Ninth Circuit has also "categorically stated that '[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if . . . a counterclaim is thereafter filed that states a claim cognizable in a federal court.'" *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) (citing *Oregon Egg Producers v. Andrew*, 458 F.2d 382 (9th Cir. 1972)).

      Here, Plaintiff Wells Fargo, notwithstanding its status as a counterdefendant, is not entitled to remove this action to federal court based on Martin's Counterclaim. *See id.* ("The right to remove a state court case to federal court is clearly limited to defendants."); *but see* 28 U.S.C. § 1454(a) (expressly allowing removal by counterdefendant where counterclaim is one "relating to patents, plant variety protection, or copyrights").

      Accordingly, the Court **REMANDS** this action to the County of Los Angeles Superior Court for lack of subject matter jurisdiction. Wells Fargo's pending motion to dismiss [Doc. # 9] is **DENIED** without prejudice to renewal upon transfer to state court. The Court **VACATES** the May 19, 2017 scheduling conference and hearing on the motion to dismiss.

**IT IS SO ORDERED.**